JENNIE MORAN, Appellant, v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF NORTH DAKOTA, Respondent.

(175 N. W. 221.)

**Life insurance — effect of suspension for nonpayments of assessments — effect of payment based on false statement — reinstatement as provided in lodge by-laws — death before action taken on reinstatement — reception of such payment does not constitute waiver.**

1. In an action on a certificate of life insurance issued by a fraternal organization to the deceased in February, 1918, for $2,000,

---

NOTE.—On waiver of conditions of reinstatement of member of benefit society, see note in L.R.A.1917C, 260.

On waiver by officer of subordinate lodge of forfeiture for nonpayment of assessments, see notes in 4 L.R.A.(N.S.) 421; 38 L.R.A.(N.S.) 571; and L.R.A.1915E, 152.

*Where* it appears that the deceased became suspended as a member by reason of his failure to pay the assessments levied in August and September, 1918, and,

*Where* it further appears that, on October 11, or 12, 1918, while he was in the hospital through an attack of influenza, his sister paid the fees necessary to secure a reinstatement, signed a certificate that the deceased was in good bodily health, and received a receipt from the local financier, which provided that.it was not binding until the member had been reinstated as provided by the lodge by-laws, and,

*Where* it further appears that, thereafter, on October 13, 1918, the deceased died through the attack of influenza without any action having been taken by the organization to reinstate the deceased pursuant to its by-laws and requirements,—

*It is held,* that no principles of waiver apply in the reception of such payment so made, and that the trial court did not err in directing a verdict for the defendant.

Opinion filed October 31, 1919.

Action upon a certificate of life insurance from a judgment entered upon a verdict directed for the defendant in the District. Court, Burleigh County, *Nuessle,* J., and from a judgment entered on the verdict the plaintiff has appealed.

Affirmed.

*Edward T. Burke,* for appellant.

It is well settled as a proposition of law, that the local officer of the lodge, similar to the A. O. U. W., can waive the "by-laws" and relieve a member from forfeiture.

While there are a few cases to the contrary, the vast majority support that view. Boyce v. Royal Circle, 99 Mo. App. 349, 73 S. W. 300; Fraternal Union v. Hurlock, 33 Tex. Civ. App. 78, 75 S. W. 539; Field v. National Council, K. L. S. 64 Neb. 226, 89 N. W. 773; Wallace v. Fraternal Mystic Circle, 121 Mich. 263, 80 N. W. 6; Rice v. Grand Lodge, A. O. U. W. 130 Iowa, 643, 72 N. W. 770; Whiteside v. Supreme Conclave, I. O. H. 82 Fed. 275; Biel v. Supreme Lodge, K. H. 80 App. Div. 609, 80 N. Y. Supp. 751; Supreme Tribe v. Hall, 24 Ind. App. 316, 79 Am. St. Rep. 262, 56 N. E. 780; Grand Lodge, A. O. U. W. v. Lachman, 199 Ill. 140, 64 N. E. 1022; Danniher v. Grand Lodge, A. O. U. W. 10 Utah, 110, 37 Pac. 245; Cauveren v. Ancient Order of Pyramids, 98 Mo. App. 433, 72 S. W.

141; Horn v. Supreme Council, C. K. A. 95 Mo. App. 433, 26 S. W. 949; McDonald v. Supreme Council, O. C. F. 79 Cal. 49, 20 Pac. 41; Modern Woodmen v. Jameson, 48 Kan. 718, 30 Pac. 460; O'Connor v. Grand Conclave, K. D. 102 Ga. 143, 66 Am. St. Rep. 159, 28 S. E. 282.

"A suspension for nonpayment of assessments is waived where the local lodge, acting as agent for the order, accepts delinquent assessments pursuant to a custom adopted by it to keep the member in good standing, without requiring compliance with the laws as to reinstatement, although the laws of the society provided that any act of the subordinate officer contrary to or in conflict therewith should be void." Jones v. Supreme Lodge, K. H. 236 Ill. 113, 127 Am. St. Rep. 277, 86 N. W. 191; Catholic Order v. Lynch, 126 Ill. App. 439.

Where a member knowing of the custom of the local lodge of receiving overdue assessments paid dues after maturity, it was held that he did not become suspended, as such custom waived prompt payment of assessments. Trotter v. Grand Lodge, L. H. L. 132 Iowa, 513, 7 L.R.A.(N.S.) 569, 109 N. W. 1099, 11 Ann. Cas. 533; supplementing note in 38 L.R.A.(N.S.) 573; Walker v. American Order F. 162 Ill. App. 30; Drumgold v. Royal Neighbors, 261 Ill. 60, 103 N. E. 584; Jakes v. North American Union, 186 Ill. App. 1.

*Carmody & Mulready,* for respondent.

It is elementary that a plaintiff cannot show a waiver of performance or a modification of any part of a contract without alleging it, and that the fact showing a waiver of a provision in a contract must be specially pleaded. J. I. Case Threshing Mach. Co. v. Loomis, 31 N. D. 27; 25 Cyc. 726, 727.

The insured Raymond Jones could not have been reinstated except upon signing a certificate of health and by a vote of the local Bismarck Lodge No. 120, of which he was at one time a member.

Royal Highlanders v. Scovill, 66 Neb. 213, 4 L.R.A.(N.S.) 421, 92 N. W. 206; Modern Woodmen v. Tevis, 117 Fed. 369; Supreme Lodge v. Jones, 69 N. W. 718; Borgraefe v. Supreme Lodge, 22 Mo. App. 127; State ex rel. Young v. Temperance Benev. Asso. 42 Mo. App. 485; Grand Lodge, A. O. U. W. v. Jessie, 59 Ill. App. 101; United Modern v. Pike (Tex. Civ. App.) 76 S. W. 774; Brown v. Grand Council, N. W. L. H. 81 Iowa, 400, 46 N. W. 1086; Lavin v. Grand

Lodge, A. O. U. W. 104 Mo. App. 1, 78 S. W. 325; Sovereign Camp
v. Rothschild, 15 Tex. Civ. App. 463, 40 S. W. 553; Eaton v. Su-
preme Lodge, K. H. 22 Cent. L. J. 500, Fed. Cas. No. 4259a; Graves
v. Modern Woodmen, 85 Minn. 396, 89 N. W. 6; Supreme Council
v. Taylor, 121 Fed. 66; Harvey v. Grand Lodge, A. O. U. W. 50
Mo. App. 472; Fraternal Union v. Hurlock, 33 Tex. Civ. App. 78,
75 S. W. 539; Field v. National Council, 64 Neb. 226, 89 N. W. 773;
Rice v. Grand Lodge, A. O. U. W. 103 Iowa, 643, 72 N. W. 770;
Best v. Supreme Council, R. A. 87 Minn. 417, 92 N. W. 337; O'Con-
nor v. Supreme Conclave, 102 Ga. 143, 28 S. E. 282; Bixler v. Mod-
ern Woodmen, 112 Va. 678, 38 L.R.A.(N.S.) 246, 72 S. E. 704;
Kennedy v. Grand Fraternity, 36 Mont. 325, 25 L.R.A.(N.S.) 78,
92 Pac. 971; Marshall v. Grand Lodge, A. O. U. W. 133 Cal. 686,
66 Pac. 25; Coughlin v. K. of C. 79 Conn. 218, 64 Atl. 223; Lyon
v. Supreme Assembly, 153 Mass. 83, 26 N. E. 236; Koehler v. Mod-
ern Brotherhood, 160 Mich. 180, 125 N. W. 49; Burke v. Grand
Lodge, A. O. U. W. 136 Mo. App. 450, 118 S. W. 483; Pete v. Wood-
men of World, 26 Ohio C. C. 563; Supreme Lodge v. Kweener, 6
Tex. Civ. App. 267, 25 S. W. 1084; United Order v. Hooser, 160 Ala.
334, 49 So. 354; Elder v. Grand Lodge, A. O. U. W. 79 Minn. 468,
82 N. W. 987; Brown v. Knights of Protected Ark, 43 Colo. 289, 96
Pac. 450; Catholic Order v. Lynch, 126 Ill. App. 439; Bagely v.
Grand Lodge, A. O. U. W. 131 Ill. 498, 22 N. E. 487; National Coun-
cil v. Burch, 126 Ill. App. 15; Dillon v. National Council, 244 Ill.
202, 91 N. E. 417; Hartman v. National Council, K. L. S. L.R.A.
1915E, 152; Day v. Supreme Forest, 174 Mo. App. 260, 156 S. W.
721; Woodmen of World v. Jackson, 80 Ark. 419, 97 S. W. 673;
Busta v. Court of Honor, 172 Ill. App. 71; Griffith v. Supreme Coun-
cil, 182 Mo. App. 644, 166 S. W. 324; Bennett v. Sovereign Camp
(Tex. Civ. App.) 168 S. W. 1023; Order of U. C. T. v. Young, 212
Fed. 132; Squire v. Modern Brotherhood, 68 Or. 336, 135 Pac. 774;
Societa Unione Fratellanza Italiana v. Leyden, 225 Mass. 540, L.R.A.
1917C, 256, 114 N. W. 738; Supreme Lodge v. Quiwn, 78 Mass. 525,
29 So. 826; Garriston v. Equitable Mut. Life Asso. 93 Iowa, 402, 61
N. W. 952; Adams v. Grand Lodge, A. O. U. W. 66 Neb. 389, 92
N. W. 588; Bowlin v. Sovereign Camp, 82 Minn. 411, 85 N. W.
160; Jenkins v. Ancient Order of United Workmen, 93 Kan. 324, 114

Pac. 223; Grand Lodge, A. O. U. W. v. Crandall, 80 Kan. 332, 102 Pac. 843; Van Woert v. Modern Woodmen, 29 N. D. 441.

Where it was the duty of the subordinate lodge to collect and remit dues and assessments to the supreme lodge, the officer making such collections was not an agent of the grand lodge, and an action upon his part in receiving dues and assessments after maturity would not constitute a waiver of the requirements of payments. To the same effect: Sovereign Camp v. Rothschild; Eaton v. Supreme Lodge, K. H.; Graves v. Modern Woodmen; Harvey v. Grand Lodge, A. O. U. W.; Coughlin v. K. C.; and Lavin v. Grand Lodge, A. O. U. W.—supra.

Subordinate lodges and officers cannot waive forfeitures except in the manner prescribed by the by-laws of the organization. Marshall v. Grand Lodge, A. O. U. W.; Pete v. Woodmen of World; and Supreme Lodge v. Kweener,—supra; Schoeller v. G. L. A. O. U. W. 110 App. Div. 456, 96 N. Y. Supp. 1088.

BRONSON, J. This is an action to recover on a life insurance certificate issued by the Grand Lodge of the A. O. U. W. From a judgment entered upon a verdict directed for the defendant the plaintiff, the beneficiary in such certificate, has appealed. Substantially, the facts are as follows:

Raymond Jones, aged twenty-two years, became a member of the lodge involved, about February 1, 1918. To him was issued a life insurance policy in the sum of $2,000, his mother being named as the beneficiary. The required fees therefor were paid by his mother. The assessments for August and September, 1918, levied pursuant to the lodge requirements, were not paid, by reason whereof under the by-laws and rules of the lodge, Raymond Jones became suspended. On October 5, 1918, having contracted influenza, he was taken to a hospital in Bismarck, North Dakota. While there, on October 11 or 12, 1918, his sister paid the financier of the local lodge in Bismarck $13.02, and received a receipt therefor, the same being for the delinquent assessments and for the dues to December 31, 1918, including a reinstatement fee of 50 cents. There the sister signed the name of Raymond Jones to a reinstatement certificate, showing that at such date Raymond Jones was in sound bodily health. On the receipt issued by such financier it is stated that such receipt so given to a sus-

pended member does not bind the order until the member has been reinstated as provided by the laws of the order, and that if the application for reinstatement is rejected the amount shown therein would be returned to the applicant. The sister so making payment did not inform the financier, and the evidence does not disclose, that he then knew that Raymond Jones was in the hospital. On the next day, October 13, 1918, Raymond Jones died in the hospital as a result of such influenza. Under the by-laws of the lodge it is provided that a suspended member may be reinstated by making payment of the assessments due and in arrears, and a reinstatement fee of 50 cents by a majority vote of the lodge taken at its next stated meeting, and a record thereof made on the minutes. This by-law applies when reinstatement is desired any time within three months of the date of the forfeiture. It is stipulated in the evidence that the regular meetings of the local lodge as stated for the month of October, 1918, were respectively October 1st, and October 15th. The lodge never took any action on the reinstatement, Raymond Jones having died previous to its meeting of October 15, 1918. The claim for benefits under the insurance certificate were rejected by the lodge. It is the contention of the appellant herein that upon principles of waiver the life certificate in question is in force by reason of the receipt of such money from the sister so paid, the issue of the receipt therefor, and the failure to promptly return the same. Many authorities are cited concerning the power of local officers of a fraternal lodge to waive the by-laws or requirements of the lodge concerning insurance. It is contended by the appellant herein that the question of waiver in this case was one for the jury. We are satisfied upon this record that the trial court did not err in directing a verdict for the defendant. There is no question of waiver presented either in the pleadings or the evidence in this case. There is no proof or attempted proof to show any assurance offered or given by the financier of the lodge that Raymond Jones was reinstated by the issue of such receipt. There is no proof at all that the financier in issuing such receipt then knew of the condition of Raymond Jones. There is evidence in the record that the amount of such dues so paid for which the receipt was given, was deposited in a bank in Bismarck to the credit of the plaintiff, she having refused to receive the return of such payment. It follows accordingly that

Raymond Jones was not a member of the defendant lodge at the date of his decease. The judgment is in all things affirmed, with costs to the respondent.

GRACE, J. I dissent.